# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **CITY OF RIVERSIDE,** : | |
| On its Own Behalf and on Behalf : | |
| of Affected Ohio Citizens, : | Case No. ___3:12-cv-420___ |
| 1791 Harshman Rd. : | |
| Riverside, Ohio 45424, : | Judge: ___Thomas M. Rose___ |
| : | |
| Plaintiff, : | |
| : | |
| v. : | **COMPLAINT FOR** |
| : | **DECLARATORY JUDGMENT** |
| **STATE OF OHIO,** : | **AND INJUNCTIVE RELIEF** |
| : | |
| Defendant. : | |

---

Plaintiff, the City of Riverside ("Riverside"), on its own behalf and on behalf of affected Ohio citizens within and outside its boundaries, for its Complaint against Defendant, the State of Ohio, states as follows:

## NATURE OF THE ACTION

1.   This is an action pursuant to 28 U.S.C. § 2201 that seeks a declaration that Section 718.01(H)(11) of the Ohio Revised Code violates the Equal Protection Clause of the United States Constitution and the Ohio Constitution,[1] as well as the entry of a permanent injunction prohibiting enforcement of this statute. In May 2007, Riverside began to levy its municipal income tax on those civilian employees and contractors employed at Wright Patterson Air Force Base ("WPAFB") who work or live on portions of the base located within Riverside's city limits. The tax was imposed by Riverside for the purpose of providing funds for general

---

[1] Riverside has previously brought these Equal Protection claims and other claims against the State of Ohio in the Court of Common Pleas of Franklin County, Ohio in a case styled *City of Riverside v. State of Ohio, et. al*, Case No. 2008 CV 12152. However, Riverside voluntarily dismissed these claims without prejudice pursuant to Ohio Civ. R. 41(A)(1)(a).

municipal operations, maintenance, new equipment, extension and enlargement of municipal services and facilities, and capital improvements. After Riverside began levying the tax, the Ohio General Assembly enacted Section 718.01(F)(11) (later re-codified as Section 718.01(H)(11)) of the Ohio Revised Code as an amendment to the biennial budget bill. To the prejudice of other categories of individuals, this provision discriminatorily prohibits municipal assessment of income taxes on certain civilian employees and contractors who work within the city on the grounds of a narrowly-defined type of air force base. This legislation is unconstitutional because it violates the Equal Protection Clauses of both the United States Constitution and the Ohio Constitution.

## PARTIES, JURISDICTION, AND VENUE

2.     Riverside is a municipal corporation duly incorporated under the laws of the State of Ohio.

3.     The affected Ohio citizens on whose behalf Riverside brings this action are the taxpaying residents of the city of Riverside, nonresidents of Riverside who work within the boundaries of the city, and federal employees who do not work at WPAFB.

4.     Defendant is a State of the United States of America.

5.     The Honorable Mike DeWine is the Attorney General of the State of Ohio who, pursuant to Section 2721.12 of the Ohio Revised Code, must be served with a copy of the complaint in any declaratory judgment action challenging the constitutionality of a state statute.

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1367(a) because Plaintiff's claims arise under the Constitution of the United States, as well as the Ohio Constitution, are so related that they form part of the same

case or controversy, and this is an action to redress the deprivation under color of state law, of a right secured by the Constitution of the United States.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendant is deemed to be a resident of this judicial district and a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS

8.      Riverside is located in Montgomery County, Ohio.

9.      In 1994, the Village of Riverside merged with Mad River Township to create Riverside (the "Merger"). Fifty-eight percent of the voting electorate of the Village of Riverside and seventy-seven percent of the voting electorate of Mad River Township voted in favor of the Merger. As a consequence of the Merger, parts of WPAFB are physically located within Riverside. These include the area of WPAFB formerly known as Page Manor, the National Museum of the United States Air Force, and part of "Area B," all of which are located within Riverside.

10.     On February 14, 2005, the Court of Common Pleas of Montgomery County, Ohio, held that the Merger creating Riverside was valid. In the case styled *Monarch Construction Co., et al., v. City of Riverside, et al.*, Case No. 2003 CV 3795, the court held that (1) those portions of WPAFB that were located within Mad River Township prior to the Merger are now located within Riverside, and (2) Riverside may, pursuant to Ohio law, levy its municipal income tax on civilian employees and contractors working on those parts of WPAFB located within Riverside.

11.     Pursuant to Riverside Codified Ordinance §§ 181.03(a)(1)-(2) and (4)-(5), Riverside imposes a 1.5% tax on all income earned in Riverside by resident and nonresident individuals and businesses.

12.     In April 2007, by request pursuant to The Freedom of Information Act, 5 U.S.C. § 552, Riverside obtained (a) the names and base mail locations of all civilian employees at WPAFB, and (b) the names of all civilian contractors at WPAFB. Riverside began contacting those employees and contractors to inform them that, pursuant to Riverside's municipal tax ordinance, they were subject to the city's income tax if they worked on a part of the base located within Riverside. Beginning on April 9, 2007, Riverside began to undertake efforts to collect income tax from civilian employees and contractors at WPAFB.

13.     After Riverside began levying the tax, and at the eleventh hour before the June 30, 2007 deadline to pass Ohio's biennial budget bill, Section 718.01(F)(11) of the Ohio Revised Code was added as an amendment to Am. Sub. HB 119, the state's biennial budget bill. Am. Sub. HB 119, including Section 718.01(F)(11), was enacted by the Ohio General Assembly and signed into law by Ohio Governor Ted Strickland on June 30, 2007.

14.     Section 718.01(F)(11) of the Ohio Revised Code was subsequently re-codified as Section 718.01(H)(11). It provides that a municipal corporation shall not tax:

> Beginning August 1, 2007, compensation paid to a person employed within the boundaries of a United States air force base under the jurisdiction of the United States air force that is used for the housing of members of the United States air force and is a center for air force operations, unless the person is subject to taxation because of residence or domicile. If the compensation is subject to taxation because of residence or domicile, municipal income tax shall be payable only to the municipal corporation of residence or domicile.

15.     The amendment's sponsor publicly stated that Section 718.01(H)(11) of the Ohio Revised Code was "designed specifically to affect any municipality in and around Wright-Patterson Air Force Base[.]" Indeed, in the entire State of Ohio, only employees and contractors at WPAFB qualify for the income tax exemption granted by R.C. 718.01(H)(11).

16.     Pursuant to R.C. 718.01(H)(11), Riverside has halted collection of its municipal income tax from nonresident civilian employees and contractors employed at those parts of WPAFB located within Riverside.

17.     Riverside brings this action on behalf of its taxpaying residents who receive the benefits of the services provided by the city, which are funded in part by the municipal income tax.  The services that Riverside is able to provide to its residents are negatively impacted by R.C. 718.01(H)(11)'s prohibition on the collection of municipal income tax from nonresident civilian employees and contractors working at WPAFB within the city's limits.

18.     Riverside also brings this action on behalf of nonresidents of Riverside who work within the boundaries of the city on premises other than WPAFB and are therefore subject to Riverside's municipal income tax, whereas similarly-situated civilian employees and contractors working at WPAFB in Riverside are arbitrarily exempt.

19.     Riverside also brings this action on behalf of citizens of Ohio who are federal employees not working at WPAFB.  Like the civilian employees and contractors who work at WPAFB, these Ohioans earn income from the federal government.  However, they are subject to the municipal income tax of the municipality in which they work, whereas similarly-situated employees and contractors working at WPAFB are granted an arbitrary exemption from payment of Riverside's municipal income tax.

20.     Riverside has standing to bring this action asserting the rights of these three above-referenced classes of Ohio citizens.

            a.  Riverside has suffered and will continue to suffer an injury in fact.  Because it
                has been prohibited from collecting its municipal income tax from nonresident
                civilian employees and contractors employed at those parts of WPAFB

located within the city, Riverside has lost and will continue to lose revenue for use in funding city services.

b. Riverside possesses a sufficiently close relationship to these classes of Ohio citizens, as their rights and Riverside's injuries are inextricably linked. Because of this, Riverside will be a forceful and effective advocate of their rights.

c. Riverside asserts the rights of these classes of Ohio citizens, who for numerous reasons are hindered in the ability to protect their own interests. First, the expense of litigation places an enormous financial burden on plaintiffs, which is a substantial hindrance to protecting their own interests. Additionally, given the high cost of litigation and the small financial stake that each individual plaintiff would have in the outcome of this litigation, these citizens lack incentive to bring suit. Finally, the threat of sanctions creates a substantial hindrance on their ability to bring suit. For example, federal employees initiating a lawsuit relating to their tax treatment could have negative effects—both real and perceived—on their continued employment.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment that R.C. 718.01(H)(11) Violates The Equal Protection Clause Of The United States Constitution and Injunctive Relief)**

21. Riverside incorporates the foregoing allegations as if fully rewritten herein.

22. The Fourteenth Amendment of the United States Constitution provides that "[n]o State shall… deny to any person within its jurisdiction the equal protection of the laws."

23.     Any classification imposed by a state for taxation purposes must have a rational relationship to a legitimate state interest.  A classification that is arbitrary and capricious is not rationally related to a legitimate state interest.

24.     R.C. 718.01(H)(11) violates the Equal Protection Clause of the United States Constitution because it arbitrarily and capriciously grants a tax exemption to government employees and contractors working at WPAFB, to the exclusion of other similarly-situated citizens of Ohio.  This classification has no rational relationship to a legitimate state interest.

25.     Because R.C. 718.01(H)(11) violates the Equal Protection Clause of the United States Constitution, Defendant must be permanently enjoined from enforcing it.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment that R.C. 718.01(H)(11) Violates The Equal Protection Clause Of The Ohio Constitution and Injunctive Relief)

26.     Riverside incorporates the foregoing allegations as if fully rewritten herein.

27.     Article I, § 2 of the Ohio Constitution provides that "[a]ll political power is inherent in the people.  Government is instituted for their equal protection and benefit[.]"

28.     Any classification imposed by a state for taxation purposes must have a rational relationship to a legitimate state interest, and may not utilize a classification that is arbitrary or capricious.

29.     Under the Ohio Constitution, the General Assembly may not treat differently for purposes of taxation those who are in all relevant respects alike.

30.     R.C. 718.01(H)(11) violates the Equal Protection Clause of the Ohio Constitution because it arbitrarily and capriciously grants a tax exemption to government employees and contractors working at WPAFB, to the exclusion of other similarly-situated citizens of Ohio.  This classification has no rational relationship to a legitimate state interest.

31.     Because R.C. 718.01(H)(11) violates the Equal Protection Clause of the Ohio Constitution, Defendant must be permanently enjoined from enforcing it.

**WHEREFORE**, Riverside demands judgment against Defendant as follows:

A.  A declaration that Section 718.01(H)(11) of the Ohio Revised Code is a violation of the Equal Protection Clause of the United States Constitution, and is therefore void and of no legal effect;

B.  A declaration that Section 718.01(H)(11) of the Ohio Revised Code is a violation of the Equal Protection Clause of the Ohio Constitution, and is therefore void and of no legal effect;

C.  The entry of a permanent injunction barring Defendant from enforcement of Section 718.01(H)(11) of the Ohio Revised Code; and

D.  Such other and further relief to which Riverside may be entitled at law or in equity.

Daniel J. Buckley (0003772)
  Trial Attorney
Adam C. Sherman (0076850)
Jacob D. Mahle (0080797)
Jessica K. Baverman (0083951)
Vorys, Sater, Seymour and Pease LLP
301 East Fourth St., Suite 3500
Great American Tower
Cincinnati, OH 45202
Telephone: (513) 723-4000
Facsimile: (513) 852-7844
djbuckley@vorys.com
acsherman@vorys.com
jdmahle@vorys.com
jkbaverman@vorys.com

**OF COUNSEL:**

Dalma C. Grandjean (0024841)
Altick & Corwin Co., LPA
1700 One Dayton Centre
One South Main Street
Dayton, Ohio 45402
Telephone: (937) 223-1201
Facsimile: (937) 223-5100
grandjed@altickcorwin.com

John J. Kulewicz (0008376)
Vorys, Sater, Seymour and Pease, LLP
52 East Gay Street / P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone: (614) 464-5634
Facsimile: (614) 719-4812
jjkulewicz@vorys.com

Attorneys for Plaintiff

12/19/2012 12497986 V.7