**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **CITY OF RIVERSIDE,** | : | |
| | : | |
| *Plaintiff,* | : | Case No. 3:12-cv-420 |
| | : | |
| vs. | : | Judge Thomas M. Rose |
| | : | |
| **STATE OF OHIO** | : | |
| | : | |
| *Defendant.* | : | |

## MOTION TO DISMISS

Now comes Defendant, The State of Ohio, and moves this Court pursuant to Fed. R. Civ. P. 12(b)(1) and (6), to issue an order dismissing the Plaintiff's complaint. A memorandum in support is attached.

Respectfully submitted,

MIKE DeWINE
ATTORNEY GENERAL


*/s Richard N. Coglianese*
RICHARD N. COGLIANESE (0066830)
Principal Assistant Attorney General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872
Fax: 614-728-7592
richard.coglianese@ohioattorneygeneral.gov

*Trial Counsel for Defendant
The State of Ohio*

**MEMORANDUM IN SUPPORT**

**I.   Introduction**

This lawsuit is the second case filed by the City of Riverside ("Riverside") in its attempt to tax the income of non-resident civilian employees and contractors at Wright-Patterson Air Force Base ("Wright-Patterson").  In 2007, the State of Ohio enacted ORC 718.01(H)(11) (the "Tax Exemption") to exempt from municipal taxation civilian commuter income earned at air force bases such as Wright-Patterson.  In August of 2008, Riverside sued the State of Ohio in the Franklin County Common Pleas Court alleging four separate causes of action.  (Exh. 1, Common Pleas Complaint in Case No. 08 CV 12152).  Riverside claimed that RC 708.01(H)(11) violated the federal Buck Act. 4 USC § 105 *et seq.*; that it violated the Fourteenth Amendment's Equal Protection Clause; that it violated the Ohio Constitution's Equal Protection Clause; and that it violated the Ohio Constitution's Single Subject Requirement.

The Common Pleas Court granted a limited summary judgment to Riverside on its claims under the Buck Act and the Single Subject challenge.  The State took an appeal to the Tenth District Court of Appeals which reversed the common pleas court and remanded the case for further proceedings on Riverside's equal protection challenges.  (Exh. 2, Court of Appeals Opinion).  Instead of moving forward with those challenges, however, Riverside voluntarily dismissed its case without prejudice on November 10, 2011.  (Exh. 3, Notice of Dismissal).

Instead of refilling its case in the common pleas court, Riverside filed this two count case in this court against the State of Ohio alleging that ORC 718.01(H)(11) violates the equal protection clauses of the Ohio and United States Constitutions.  As this Court is without jurisdiction to hear these claims and Riverside has failed to plead a claim upon which any relief

1

can be granted, the State of Ohio respectfully requests this Court to issue an order dismissing the Plaintiff's complaint.

## II.     Law and Argument

### A.     The Eleventh Amendment prohibits a federal court from exercising any jurisdiction against the State of Ohio for Declaratory or Injunctive Relief.

The Eleventh Amendment provides that:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of a Foreign State.

U.S. Const. Amend. XI.  The Eleventh Amendment applies not only to suits against a State by citizens of other states and foreign nationals, it also prohibits suits against a State by the citizens of that State.  *Hans v. Louisiana*, 134 U.S. 1, 33 (1980).  It does not matter if the suit seeks injunctive, declaratory, or monetary relief against the State or its departments.  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984).  Unless a state has waived its Eleventh Amendment immunity or Congress overrides that immunity, a State cannot be sued in its own name in federal court.  *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985).

The State of Ohio has not waived its immunity nor consented to be sued in federal court. *Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Mattox v. City of Jefferson*, 2007 US Dist. LEXIS 1976 (N.D. Ohio Jan. 10, 2007).  Further, Congress has not appropriately abrogated the State's sovereign immunity.  Therefore, Riverside cannot bring a Fourteenth Amendment claim against the State of Ohio in federal court seeking declaratory or injunctive relief.

Likewise, this Court lacks jurisdiction to hear Riverside's claim that RC 718.01(H)(11) violates the Ohio Constitution's Equal Protection Clause.  The United States Supreme Court has

2

held that the Eleventh Amendment prohibits a federal court from hearing a state law claim against the state or state officials.  *Pennhurst*, 465 U.S. at 124-25.  As the Supreme Court has recognized, "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.  Such a result conflicts directly with the principles of federalism that underlie the *Eleventh Amendment."  Id.* at 106.  (Emphasis in original).  Therefore, based upon the constitutional limitation on this Court's jurisdiction, is should dismiss Riverside's state constitutional challenge.

> B.  **The City of Riverside is not entitled to any protection under the Fourteenth Amendment.**

The Supreme Court has recognized that municipalities are not entitled to any Fourteenth Amendment protection against their States.  In *City of Trenton v. State of New Jersey*, 262 U.S. 182 (1923), the Supreme Court was faced with a case in which the State of New Jersey sued the City of Trenton for taking excessive water for its public water supply.  After losing the case in various state courts, Trenton appealed the decision to the United States Supreme Court claiming that the law violated its Fourteenth Amendment rights.  *Id.* at 183.

The Court noted that a "municipality is merely a department of the State, and the State may withhold, grant or withdraw powers and privileges, as it sees fit.  However great or small its sphere of action, it remains the creature of the State exercising and holding powers and privileges subject to the sovereign will."  *Id.*at 186.  The Court found that the "power of the State, unrestrained by the contract clause or the Fourteenth Amendment, over the rights and property of cities held and used for 'governmental purposes' cannot be questioned."  *Id.* at 188.

In addition, the Sixth Circuit has also determined that municipal governmental bodies cannot bring a Fourteenth Amendment claim against the State or its officers.  *Greater Heights Academy v. Zelman*, 522 F.3d 678 (6th Cir. 2008).  In *Zelman*, two community schools brought a

3

Fourteenth Amendment claim under 42 USC 1983 against various state officials for a denial of funding.  The Court of Appeals stated that the sole issue on appeal was whether the community school Plaintiffs were "political subdivisions that therefore cannot invoke the protection of the Fourteenth Amendment against the state of Ohio."  *Id.* at 677.  The Court went on to restate that "[i]t is well established that political subdivisions cannot sue the state of which they are a part under the United States Constitution."  *Id.* citing *City of Trenton v. New Jersey*, 262 U.S. 182, 186-87 (1923).  Because the Court of Appeals found that community schools are political subdivisions of the State of Ohio, it held that "the relationship between Ohio community schools and traditional public schools 'is a matter of state concern; the Fourteenth Amendment protections and limitations do not apply."  *Id.* at 680 quoting *South Macomb Disposal Auth. V. Washington Twp.*, 790 F.2d 500, 505 (6th Cir. 1986).

Finally, another division of this Court also recently emphasized that a political subdivision cannot claim protection under 42 USC 1983 alleging that another governmental entity violated its rights under the Fourteenth Amendment.  *See, The Village of Camden, Ohio v. Board of County Commissioners of Preble County*, 2011 US Dist. LEXIS 45718 (S.D. Ohio April 28, 2011).  The district court again held that a political subdivision of the State of Ohio cannot claim protection under the Fourteenth Amendment.  *Id.* at *7-8.  The district court concluded by stating that "the Village's § 1983 claim must be dismissed because the protections and limitations of the Fourteenth Amendment do not apply to the Village."  *Id.* at *8.

Based upon the clear case law of the United States Supreme Court, the Sixth Circuit Court of Appeals, and the Southern District of Ohio, the City of Riverside, as a political subdivision of the State of Ohio, has no Fourteenth Amendment rights against the State and

cannot bring a § 1983 claim against the State or any of its officers. As a result, the City of Riverside has failed to state any claim upon which relief can be granted.

### C. The City of Riverside lacks standing to bring its claims.

Even if it were possible for the City of Riverside to bring a Fourteenth Amendment claim against the State of Ohio, the City of Riverside lacks standing to bring the claim it seeks to raise. The City of Riverside does not have statutory standing to bring its Equal Protection claim against the State of Ohio. Statutory standing is a question of "'whether this plaintiff has a cause of action under the statute.' The question is closely related to the merits inquiry (oftentimes overlapping it) and is analytically distinct from the question whether a federal court has subject-matter jurisdiction to decide the merits of a case.'" *Roberts v. Hamer*, 655 F.3d 578, 580-81 (6th Cir. 2011) quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 97 n.2 (1998).

In this case, the City of Riverside has brought a claim under 42 U.S.C. § 1983 against the State of Ohio. In order to properly plead a claim under that statute, a Plaintiff must show two things. First, the Plaintiff must show a violation of a right secured by the United States Constitution and must also show that the deprivation was committed by a person acting under color of State law. *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). In this case, the City of Riverside cannot show that it is entitled to bring any claims under 42 U.S.C. § 1983 and further cannot show that even if it can act as a Plaintiff, it suffered a violation of its constitutional rights.

### 1. A municipality cannot bring any claims for relief under 42 U.S.C. § 1983.

42 U.S.C. § 1983 allows "citizen[s]" and "other person[s] within the jurisdiction" of the United States to seek legal and equitable relief from "person[s]" who, under color of state law,

5

deprive them of federally protected rights. *Inyo County, California v. Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony*, 538 U.S. 701, 708 (2003). In *Inyo County*, the Supreme Court determined that a sovereign Indian tribe could not bring a claim under § 1983. The Court determined that "Section 1983 was designed to secure private rights against government encroachment…." *Id.* at 712.

The Sixth Circuit has interpreted the *Inyo County* case to turn on whether the sovereign is seeking to enforce its rights under § 1983 in its sovereign capacity or in another capacity. *Keweenaw Bay Indian Community v. Rising*, 569 F.3d 589, 596 (6th Cir. 2009). In this case, the City of Riverside is seeking to exercise its rights as a sovereign. It is claiming that it has the power to levy taxes upon specific individuals who commute to work at the Wright Patterson Air Force Base. Therefore, it seeks to vindicate rights it claims it possesses simply on the basis of sovereignty. Therefore, based upon the Sixth Circuit's decision in *Rising*, the City of Riverside could not be a plaintiff in a §1983 case.

Although the above mentioned cases dealt with the status of an Indian tribe as Plaintiff, courts that have examined the question of whether a municipal government could bring a claim under 42 U.S.C. § 1983 have also determined that the municipal government is not a proper Plaintiff. In *Barbara Z. v Obradovich*, 937 F. Supp. 710 (N.D. Ill. 1996), the court determined that while it is true that municipal governments can, under certain circumstances be liable as defendants for violations of § 1983, they do not qualify as "other person[s]" who can bring § 1983 claims. *Id.* at 722. The Court recognized that the purpose of § 1983 was to vindicate individual interests against State action. Thus, allowing "a state or one of its political subdivisions to bring suit under section 1983 effectively 'turns the statute on its head.'" *Id.* quoting *Commonwealth of Pennsylvania v. Porter*, 659 F.2d 306, 315 n.3 (3rd Cir. 1981).

6

Since the City of Riverside is not an "other person" entitled to enforce any rights under § 1983, it lacks statutory standing to raise its claim and this Court should grant the State's motion to dismiss.

### 2. The City of Riverside Has Not Alleged Any Constitutional Violation.

As argued above, the City of Riverside cannot claim any protection from the State of Ohio under the Fourteenth Amendment. Since the City of Riverside is not entitled to any Fourteenth Amendment protections, it cannot claim that either the State of Ohio or any of its officers violated its constitutional rights. Since there can be no constitutional violation, the City of Riverside does not meet the statutory requirements to bring a claim under § 1983 and it lacks statutory standing to bring this lawsuit.

### D. The State of Ohio Is Not A Proper Defendant Under a § 1983 Claim.

A State is not a proper party defendant in a claim brought under 42 USC § 1983. *Lowe v. Ohio Dep't of Rehabilitation and Correction,* 1998 U.S. App. LEXIS 28330 (6th Cir. Nov. 4, 1998). In *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court determined that a State or its departments are not persons who can be sued under § 1983. As a result, the City of Riverside cannot bring a claim against the State of Ohio for allegedly violating its Fourteenth Amendment rights.

7

**III.     Conclusion**

Defendant State of Ohio respectfully requests this Court issue an order dismissing the Plaintiff's complaint.

>Respectfully submitted,
>
>MIKE DeWINE
>ATTORNEY GENERAL
>
>*/s Richard N. Coglianese*
>RICHARD N. COGLIANESE (0066830)
>Principal Assistant Attorney General
>Constitutional Offices Section
>30 East Broad Street, 16th Floor
>Columbus, Ohio 43215
>Tel: 614-466-2872
>Fax: 614-728-7592
>richard.coglianese@ohioattorneygeneral.gov
>
>*Trial Counsel for Defendant*
>*The State of Ohio*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was filed electronically on this 19th day of February, 2013. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>*/s Richard N. Coglianese*
>RICHARD N. COGLIANESE (0066830)
>Principal Assistant Attorney General