IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

**CITY OF RIVERSIDE**
1791 Harshman Road
Riverside, Ohio  45424,          :

               Plaintiff,          :

    v.          :

**STATE OF OHIO**          :
c/o Ohio Attorney General Nancy H. Rogers
30 East Broad Street, 17th Floor
Columbus, Ohio 43215,          :

and          :

**HON. NANCY H. ROGERS**          :
Attorney General
State of Ohio
30 East Broad Street, 17th Floor
Columbus, Ohio 43215,          :

               Defendants.          :

Case No. 08CVH 08 12152

Judge

**COMPLAINT FOR
DECLARATORY JUDGMENT**

Plaintiff, the City of Riverside, for its complaint, states as follows:

**NATURE OF THE ACTION**

1. This is an action pursuant to R.C. 2721.12 that seeks a declaration that Section 718.01(H)(11) of the Ohio Revised Code is invalid, illegal and unconstitutional. In May 2007, the City of Riverside ("Riverside") began to levy its municipal income tax on those civilian employees and contractors of Wright Patterson Air Force Base ("WPAFB") who work or live on portions of the base located within the City's limits. The tax was imposed by Riverside for the purpose of providing funds for general municipal operations, maintenance, new

equipment, extension and enlargement of municipal services and facilities, and capital improvements. After Riverside began levying the tax—and at the eleventh hour before the June 30th deadline to pass Ohio's biennial budget—the Ohio General Assembly enacted Section 718.01(F)(11) of the Ohio Revised Code as an amendment to the biennial budget bill. Later codified as Section 718.01(H)(11), this provision purports to prohibit the assessment and collection of municipal income tax on civilian employees at Air Force bases by the city in which that Air Force base is located. This legislation is contrary to 4 U.S.C. §§ 105 et seq. (commonly referred to as the Buck Act), the Equal Protection Clauses of both the United States and Ohio Constitutions, and the Ohio Constitution's "one-subject rule."

## PARTIES AND JURISDICTION

2. The City of Riverside is a municipal corporation duly incorporated under the laws of the state of Ohio.

3. Defendant the State of Ohio is a state of the United States of America.

4. Defendant Hon. Nancy H. Rogers is the Attorney General for the State of Ohio and, in that capacity, is the State's chief law enforcement officer and legal counsel.

5. This Court has subject matter jurisdiction over this action pursuant to R.C. 2721.12.

6. Venue is proper in this Court under Civ. R. 3(B)(1) and (4) because the defendants reside and have their offices in Franklin County, Ohio.

## FACTUAL ALLEGATIONS

7. The City of Riverside is located in Montgomery County, Ohio.

City of Riverside v. State
Case No. 3:12-cv-420

State's Motion to Dismiss
Exh. 1 - p|2

8.     In 1994, the Village of Riverside merged with Mad River Township to create the City of Riverside (the "Merger"). Fifty-eight percent of the voting electorate of the Village of Riverside and seventy-seven percent of the voting electorate of Mad River Township voted in favor of the Merger. As a consequence of the Merger, parts of WPAFB are physically located within the City of Riverside. The area of WPAFB formerly known as Page Manor, the National Museum of the United States Air Force, and part of "Area B" are located within Riverside.

9.     On February 14, 2005, the Court of Common Pleas of Montgomery County, Ohio, held that the Merger creating the City of Riverside was valid. In the case styled *Monarch Construction Co., et al., v. City of Riverside, et al.*, Case No. 2003 CV 3795, the court held that (1) those portions of WPAFB that were located within Mad River Township prior to the Merger are now located within the City of Riverside, and (2) the City of Riverside may, pursuant to Ohio law, levy its municipal income tax on civilian employees and contractors working on those parts of WPAFB located within Riverside.

10.     In 1939, the United States Congress had passed the Public Salary Tax Act of 1939, codified at 4 U.S.C. § 111, subjecting the income of federal employees to state and local income tax.

11.     In 1940, the United States Congress enacted 4 U.S.C. § 105 et seq., popularly known as the Buck Act, and thereby subjected those who work on federal areas to state and local income tax. At 4 U.S.C. § 106(a), the Buck Act provides that:

> No person shall be relieved from liability for any income tax levied by any State, or by any duly constituted taxing authority therein, having jurisdiction to levy such a tax, by reason of his residing within a Federal area or receiving income from transactions occurring or services performed in such area; and such State or taxing authority shall have full jurisdiction and power to levy and

collect such tax in any Federal area within such State to the same extent and with the same effect as though such area was not a Federal area.

12.     In April, 2007, by request pursuant to The Freedom of Information Act, 5 U.S.C. § 552, Riverside obtained (1) the names and base mail locations of all civilian employees at WPAFB and (2) the names of all civilian contractors at WPAFB. Riverside contacted those employees and contractors to inform them that, pursuant to Riverside's municipal tax ordinance, they were subject to the city's income tax if they worked on a part of the base located within Riverside. Beginning on April 9, 2007, Riverside collected income tax from civilian employees and contractors at WPAFB.

13.     In June, 2007, Section 718.01(F)(11) of the Ohio Revised Code was added as an amendment to Am. Sub. HB 119, the state's biennial budget bill. Am. Sub. HB 119, including Section 718.01(F)(11), was enacted by the Ohio General Assembly and signed into law by Ohio Governor Ted Strickland on June 30, 2007.

14.     Section 718.01(F)(11) is buried among pages of provisions in Am. Sub. HB 119 that relate to a multitude of topics. For example, Section 5.2235 designates the month of May as "Nutrition and Physical Fitness Month;" Section 5101.521 9.15 addresses the disposal of unclaimed dead bodies; and Section 107.40 creates a committee which will preserve valuables and maintain plants at the governor's residence.

15.     Section 718.01(F)(11) of the Ohio Revised Code was subsequently codified as Section 718.01(H)(11), and provides as follows:

F.  A municipal corporation shall not tax any of the following:

> (11) Beginning August 1, 2007, compensation paid to a person employed within the boundaries of a United States air force base under the jurisdiction of the United States air force that is used for the housing of members of the United States air force and is a center for air force operations, unless the person is subject

to taxation because of residence or domicile.  If the compensation is subject to taxation because of residence or domicile, municipal income tax shall be payable only to the municipal corporation of residence or domicile.

16.     The amendment's sponsor publicly stated that Section 718.01(H)(11) of the Ohio Revised Code was "designed specifically to affect any municipality in and around Wright-Patterson Air Force Base," and that he wanted "to make sure all employees, whether in uniform or civilian or contractors, are treated equally on the base as it relates to application of municipal income tax."

17.     Pursuant to Section 718.01(H)(11) of the Ohio Revised Code, Riverside has halted collection of its municipal income tax from civilian employees and contractors employed at those parts of WPAFB located within Riverside pending decision of this Court.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment – Preemption Of R.C. 718.01(H)(11) By The Buck Act)

18.     Plaintiff incorporates the foregoing allegations as if fully rewritten herein.

19.     Under Article VI, Clause 2 of the United States Constitution, the Constitution and laws made in pursuance thereof are the Supreme Law of the Land.

20.     State legislation that conflicts with valid federal legislation is void under the Supremacy Clause.

21.     Section 718.01(H)(11) violates the express provisions of the Buck Act, because it relieves federal employees of municipal income tax liability solely on the basis that they are employed on a federal area.  Because Section 718.01(H)(11) directly conflicts with a validly enacted federal law, it is therefore preempted and void.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment – R.C. 718.01(H)(11) Is An Unconstitutional Violation Of The Equal Protection Clause Of The United States Constitution)**

22.     Plaintiff incorporates the foregoing allegations as if fully rewritten herein.

23.     The Fourteenth Amendment of the United States Constitution provides that "[n]o State shall... deny to any person within its jurisdiction the equal protection of the laws."

24.     Any classification imposed by a state for taxation purposes must have a rational relation to a legitimate state interest.  A classification that is arbitrary and capricious is not rationally related to a legitimate state interest.

25.     R.C. 718.01(H)(11) violates the Equal Protection Clause of the United States Constitution because it arbitrarily grants a tax exemption to those government employees working at WPAFB, to the exclusion of all other similarly-situated citizens in Ohio.

**THIRD CLAIM FOR RELIEF**
**(Declaratory Judgment – R.C. 718.01(H)(11) Is An Unconstitutional Violation Of The Equal Protection Clause Of The Ohio Constitution)**

26.     Plaintiff incorporates the foregoing allegations as if fully rewritten herein.

27.     Article I, § 2 of the Ohio Constitution provides that "All political power is inherent in the people.  Government is instituted for their equal protection and benefit."

28.     Any classification imposed by a state for taxation purposes must have a rational relation to a legitimate state interest, and may not utilize a classification that is arbitrary or capricious.

29.     Under the Ohio Constitution, the General Assembly may not treat differently those who are in all relevant respects alike for purposes of taxation.

30.     R.C. 718.01(H)(11) violates the Equal Protection Clause of the Ohio Constitution because it arbitrarily grants a tax exemption to those government employees working at WPAFB, to the exclusion of all other similarly-situated citizens in Ohio.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment - R.C. 718.01(H)(11) Is An Unconstitutional Violation Of Ohio's One-Subject Rule)

31.     Plaintiff incorporates the foregoing allegations as if fully rewritten herein.

32.     Article 2, § 15(D) of the Ohio Constitution provides that "[n]o bill shall contain more than one subject, which shall be clearly expressed in its title."

33.     Pursuant to the one-subject rule, an amendment that has no "common purpose or relationship" with the bill to which it is attached is unconstitutional and invalid.

34.     The amendment incorporating Section 718.01(H)(11) of the Ohio Revised Code has no common purpose or relationship with the omnibus budget bill to which it was attached.

35.     Riverside requests a declaration from this Court that the amendment attaching Section 718.01(H)(11) of the Ohio Revised Code to the omnibus budget bill violates the Ohio Constitution's one-subject rule and is therefore void and of no legal effect.

36.     Such a declaration is necessary and appropriate at this time in order that the parties can determine their rights and obligations under the United States and Ohio Constitutions, and the Ohio Revised Code.

WHEREFORE, plaintiff City of Riverside demands judgment against defendants as follows:

A.  A declaration that Section 718.01(H)(11) of the Ohio Revised Code is preempted by the Buck Act, and is therefore void and of no legal effect;

B.  A declaration that Section 718.01(H)(11) of the Ohio Revised Code is a violation of the Equal Protection Clause of the United States Constitution, and is therefore void and of no legal effect;

C.  A declaration that Section 718.01(H)(11) of the Ohio Revised Code is a violation of the Equal Protection Clause of the Ohio Constitution and is therefore void and of no legal effect;

D.  A declaration that the passage of Section 718.01(H)(11) violates the one-subject rule of the Ohio Constitution, and is therefore void and of no legal effect;

E.  Such other and further relief to which the City of Riverside may be entitled at law or equity.

Respectfully submitted,

Daniel J. Buckley,
by John Kalewiez

Daniel J. Buckley (0003772)
    Trial Attorney
Adam C. Sherman (0076850)
Jacob D. Mahle (0080797)
Vorys, Sater, Seymour and Pease LLP
221 East Fourth Street
Suite 2000, Atrium Two
Cincinnati, OH  45202
Telephone: (513) 723-4000
Facsimile:  (513) 852-7819
djbuckley@vorys.com
acsherman@vorys.com
jdmahle@vorys.com

8

John J. Kulewicz (0008376)
   Trial Attorney
Vorys, Sater, Seymour and Pease, LLP
52 East Gay Street / P.O. Box 1008
Columbus, Ohio 43215
Telephone: (614) 464-6400
Facsimile:  (614) 464-6350
E-mail: jjkulewicz@vorys.com

Attorneys for Plaintiff, City of Riverside


**OF COUNSEL:**

Dalma C. Grandjean (0024841)
Altick & Corwin Co., LPA
1700 One Dayton Centre
One South Main Street
Dayton, Ohio 45402
Telephone: (937) 223-1201
Facsimile: (937) 223-5100
grandjed@altickcorwin.com

9

## PRAECIPE TO THE CLERK

Please serve a copy of Plaintiff's Complaint by certified mail, returned receipt requested,

upon the following:

**STATE OF OHIO**
c/o Ohio Attorney General Nancy H. Rogers
30 East Broad Street, 17th Floor
Columbus, Ohio 43215

**HON. NANCY H. ROGERS**
Attorney General
State of Ohio
30 East Broad Street, 17th Floor
Columbus, Ohio 43215

_____
John J. Kulewicz (0008376)

10